# EXHIBIT A

IN THE CIRCUIT COURT OF LOUDOUN COUNTY, VIRGINIA

MIDDLEBURG VOLUNTEER
FIRE DEPARTMENT, INC.
21854 Foxcroft Road
Middleburg, VA 20118

v.

CASE NO: 

McNEIL & COMPANY, INC.
Serve: Corporation Service Company
      Bank of America Center, 16th Floor
      1111 East Main Street
      Richmond, Virginia 23219

and the

ARCH INSRUANCE CO.
Serve: CT Corporation System
      4701 Cox Road
      Suite 285
      Glen Allen, Virginia 23060

## COMPLAINT

COMES NOW your Plaintiff, the Middleburg Volunteer Fire Department, Inc., who respectfully moves this Honorable Court for judgment and an award of execution against the NcNeil & Company, Inc. and Arch Insurance Co., their successors, subsidiaries, and assigns, jointly and severally, for the reasons and in the amount hereinafter set forth.

1. Your Plaintiff Middleburg Volunteer Fire Department, Inc. (hereinafter "MVFD" or "Fire Department") is a Virginia corporation in good standing whose charter was established on September 19, 1936.

2. The Fire Department provides fire and emergency medical services to the citizens of the Town of Middleburg, County of Loudoun, Virginia.

Page 1 of 4

3. At all times relevant hereto, the Defendants McNeil & Company, Inc., a New York Corporation, and Arch Insurance, a Missouri Corporation, are in the business of supplying various line of insurance coverage for Emergency Services Providers like MVFD.

4. On December 19, 2011, the Defendants provided to Middleburg Volunteer Fire Department an Emergency Services Insurance Program ("ESIP"), which provided to the Department commercial automobile coverage, commercial general liability coverage, commercial property coverage, and crime and fidelity coverage.

5. Attached as Plaintiff's Exhibit 1 is a true and accurate copy of the Emergency Services Insurance Program provided to the Middleburg Volunteer Fire Department by the Defendants.

6. Attached as Plaintiff's Exhibit 2 is a true and accurate copy of the Crime and Fidelity Coverage Declaration Page for Commercial Entities provided to the Fire Department by the Defendants.

7. Attached as Plaintiff's Exhibit 3 is a true and accurate copy of the Commercial Crime Coverage Form provided by the Defendants to the Fire Department which contains the policy provisions applicable to this particular coverage.

8. Pursuant to the Commercial Crime Coverage Form, Defendants covenanted to pay for "the loss of or damage to 'money'... resulting directly from 'theft' committed by 'an employee', whether identified or not, acting alone or in collusion with other persons."

9. On November 18th, 2011, the Fire Department requested that when its policies were placed by Defendants for 2012 that the Crime and Fidelity Coverage, which had been $50,000.00 during 2011, be increased to $250,000.00.

10. Defendants agreed to increase the Fire Department's crime and fidelity coverage to this

amount.

11. On or around April of 2012, the Fire Department discovered that it had sustained a substantial loss of money due to theft by its employee Paul C. Draisey.

12. According to investigations conducted by a general adjuster acting on the behalf of Defendants, the total loss to the Fire Department was $494,640.78.

13. The Department's calculations indicate that the loss is as high as $522,727.59.

14. On June 4, 2012, an adjuster informed the Fire Department that Defendants would only pay $50,000 of the $250,000.00 policy because Mr. Draisey had concealed his acts of embezzlement from the Fire Department and the Defendants when the increase in coverage occurred.

15. Except for the $50,000.00 payment, Defendants have not made any additional payments to the Fire Department since June 4, 2012.

## COUNT I – BREACH OF CONTRACT

16. The Middleburg Volunteer Fire Department realleges as though fully set forth herein the allegations found in paragraphs 1 through 16 above.

17. The Defendants in exchange for a premium paid by the Fire Department offered to provide $250,000.00 in crime and fidelity coverage, coverage which Defendants promised to pay in the event that the Fire Department suffered theft at the hands of one or more of its employees.

18. The Fire Department accepted this offer by paying the premium that Defendants said had to be paid to secure this amount of coverage.

19. Defendants breached their agreement with the Department by paying only $50,000 of the $250,000 in coverage that was available to compensate the Department for the $522,727.59

ATTORNEY AT LAW
10511 JUDICIAL DRIVE
FAIRFAX, VA 22030
703-273-2005

stolen from it by Mr. Draisey.

20. As a direct and proximate result of the Defendants' breaches, the Department has been deprived of $200,000.00 which has caused the Middleburg Volunteer Fire Department severe financial hardship.

WHEREFORE, the premises considered, your Plaintiff the Middleburg Volunteer Fire Department, Inc. respectfully moves this Honorable Court for judgment and an award of execution against the Defendants, their successors, subsidiaries, and assigns, jointly and severally, in the amount of $200,000.00 or such amount as proved at trial, with prejudgment interest pursuant to §§8.01-382 of the Virginia Code from June 4, 2012, plus the Department's costs in this behalf expended, including its attorneys fees pursuant to § 38.2-209 of the Virginia Code.

    MIDDLEBURG VOLUNTEER FIRE DEPARTMENT, INC.
    By counsel.

**TRIAL BY JURY IS REQUESTED**

_____
Jon F. Mains, Esq., VSB#25473
10511 Judicial Drive, Suite 107
Fairfax, Virginia 22030
(703) 273-2005
(703) 591-2573 FAX
jmains@jonmainslaw.com
*Counsel for the Plaintiff*